## BATES & *al. versus* CHURCHILL.

A written agreement by a debtor, that in consideration of his indebtedness he will let his creditor have certain specified articles at a time and place specified, at the market price, is a valid contract, evidencing a legal consideration, and imposing on the debtor the duty to set out the articles for the creditor at the time and place agreed.

ASSUMPSIT on the following contract. "In consideration of what I am indebted to Bates & Selden, I hereby agree to let them have fifteen tons of good hay at my barn, the fall and winter coming, at the market price. July 22, 1842."

At the trial before TENNEY, J. the defendant offered to prove, that at the pay-day named in the contract, he had sufficient hay in his barn to pay it. It was never called for by the plaintiffs, and it was never set apart by the defendant for paying the note. The evidence was rejected, and a default was entered. The case, by agreement, was then reserved for a legal disposition by the court.

*Abbott*, for plaintiffs.

*Foster*, for defendant.

TENNEY, J., orally. — The plaintiffs consider this to be a note, payable in specific articles. The defendant contends it was but an arrangement preliminary to a contract of sale; that, before the plaintiffs could have any rights under it, there were acts to be done by them. The parties must have had

some design.   The plaintiffs were to have something benefi-
cial.   But, on the defendant's construction, they could not
be benefited.   For on a non-fulfilment by defendant, they
could have recovered no damage.   In a suit, the hay must
have been valued at its current price ; the price which they
would have to pay to others.   There was then no object in
such a trade.

It is objected, that there was no consideration for the
promise.   We think otherwise.   There was an implied con-
tract by plaintiffs to forbear payment.

Again, it is said, this paper, not being negotiable, did not
discharge the old debt.   But that does not disprove a con-
sideration.

If the agreement was not executory, the plaintiffs had no
further acts to do.   They need not go for the hay or demand
it.   Unless the defendant had set it apart, they could not
take it without a trespass.   Merely to have the hay was not a
fulfilment by the defendant of his contract.   He was, by a
sound construction, to set it out for the plaintiffs at the time
and place agreed.                    *Judgment on the default.*